DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TREASURE COAST CLASSICAL ACADEMY, INC.,**
Appellant,

v.

**THE OPTIMA FOUNDATION, INC.,**
Appellee.

No. 4D2025-1577

[July 22, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Michael Joseph McNicholas, Judge; L.T. Case No. 432024CA001192CAAXMX.

Christopher Hopkins of Hopkins P.A., West Palm Beach, for appellant.

Alex L. Braunstein and Kaitlyn Kelley Brenner of Fox Rothschild LLP, West Palm Beach, for appellee.

CONNER, J.

The appellant, Treasure Coast Classical Academy, Inc. ("the Academy"), sued the appellee, The Optima Foundation, Inc. ("Optima"), over a written agreement between the parties. The Academy appeals the dismissal of the case for improper venue. We conclude that a comma is the decisive factor in construing the clear and unambiguous language of the parties' agreement. Based on the written agreement's language and punctuation, we reverse and remand for further proceedings.

**Background**

The Academy is a Martin County charter school. Optima is a nonprofit organization that provides professional administrative, operational, and other services to public charter schools. The Academy contracted with Optima for professional administrative and operational services.

After becoming dissatisfied with Optima's services, the Academy sued Optima for injunctive relief, breach of service agreement, breach of the information technology ("IT") agreement, and conversion. Optima moved

to dismiss the complaint for improper venue based on the service agreement's venue provision, which Optima asserted mandated that all causes of action be brought exclusively in Collier County, Florida, where Optima maintains its principal place of business. Specifically, the agreement provided:

> **State Governing Law/Venue/Waiver of Jury Trial.** The rights of all parties hereto shall be subject to the jurisdiction of and be construed according to the laws of the State of Florida, with venue in Collier County, Florida.

The Academy opposed dismissal, contending the venue provision was permissive rather than mandatory, and the action should remain in Martin County where the Academy "is located, Optima breached both agreements, key witnesses reside, and all relevant events and damages occurred."[1]

After a hearing, the trial court granted Optima's motion and dismissed the complaint without prejudice, finding "that the Parties' written agreement is clear, unambiguous, and contains an exclusive venue provision that requires all disputes be filed in Collier County, Florida." The Academy gave notice of appeal.

## Appellate Analysis

"Because 'an appellate court reviews the interpretation of a contractual forum selection provision as a matter of law,' a ruling on a motion to dismiss based on such a clause 'is reviewed de novo.'" *Milstein v. Nicklaus*, 412 So. 3d 802, 805 (Fla. 4th DCA 2025) (quoting *R.S.B. Ventures, Inc. v. Berlowitz*, 201 So. 3d 719, 720 (Fla. 4th DCA 2016)).

The Academy argues the trial court erred in dismissing the case because "[t]he Service Agreement contains a permissive forum selection clause that allows a contractual party to file suit in Collier County, but does not require a contractual party to select Collier County as its venue." The Academy further argues the clause is "nearly identical" to the one deemed permissive in *Regal Kitchens, Inc. v. O'Connor & Taylor Condominium Construction Inc.*, 894 So. 2d 288 (Fla. 3d DCA 2005).

---

[1] The Academy's written opposition made an additional argument that the parties' IT agreement confirmed that venue could be brought in any state or federal court in Florida. However, we do not address that argument, because the order under review made no mention of the IT agreement, and the appellate record does not contain a hearing transcript, so we cannot determine whether the trial court addressed this secondary argument.

Optima disagrees and argues the forum selection clause is mandatory because the word "shall" applies to both the choice of law and the forum selection, such that the only correct reading of the clause is: the right of the parties "shall be subject to the jurisdiction of . . . with venue in Collier County, Florida" and the choice of law is to be construed as Florida law.

Here, both parties agree "that the language of the forum selection clause is unambiguous, leaving only a legal determination of whether this unambiguous language is mandatory or permissive." *Michaluk v. Credorax (USA), Inc.*, 164 So. 3d 719, 721 n.2 (Fla. 3d DCA 2015).

"A mandatory forum selection clause is identified by 'exclusive' language and 'must be honored by the trial court in the absence of a showing that the clause is unreasonable or unjust.'" *Milstein*, 412 So. 3d at 806 (quoting *Michaluk*, 164 So. 3d at 722-23). "A mandatory forum selection clause requires that litigation be brought in a particular forum while a permissive forum selection clause merely represents consent to jurisdiction." *R.S.B. Ventures*, 201 So. 3d at 720 (citing *Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A.*, 509 So. 2d 273, 274-75 (Fla. 1987)).

"The word 'shall' indicates exclusivity consistent with mandatory forum selection clauses." *Id.* at 721. Yet, "[t]o be mandatory the clause need only contain terms expressing that nature, not magic words." *Golf Scoring Sys. Unlimited, Inc. v. Remedio*, 877 So. 2d 827, 829 (Fla. 4th DCA 2004). In contrast, permissive clauses often use words such as "may." *Id.* (citing *Shoppes Ltd. P'Ship v. Conn*, 829 So. 2d 356, 358 (Fla. 5th DCA 2002)).

We agree with the Academy that the Third District's decision in *Regal Kitchens* is instructive.

In *Regal Kitchens*, the venue clause was substantially similar to the one here and stated: "Any litigation concerning this contract shall be governed by the law of the State of Florida, with proper venue in Palm Beach County." 894 So. 2d at 290. The Third District determined the venue clause was permissive, reasoning that "although the venue clause unequivocally states that Florida law shall apply to any litigation of the subcontract, it lacks mandatory language or words of exclusivity to show that venue is proper only in Palm Beach County." *Id.* at 291. The Third District further explained that "this clause does not unequivocally mandate that a controversy or dispute be litigated in Palm Beach County, nor does it waive any other territorial jurisdiction. The language merely allows a party to file suit in Palm Beach County." *Id.* at 291-92.

Even more instructive is the Third District's subsequent decision in *Global Commercial Roofing, LLC v. iCrete, LLC*, 410 So. 3d 735, 738 (Fla. 3d DCA 2025), which discussed a venue clause similar to the venue clause analyzed in *Regal Kitchens*, with one grammatical difference: a comma. The Third District contrasted the clause in *Regal Kitchens* to the clause at issue in *Global Commercial Roofing*. The clause in *Global Commercial Roofing* stated: "The Subcontractor acknowledges and agrees that any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled under the laws of the State of Florida with venue in Lee County, FL." 410 So. 3d at 737.

The *Global Commercial Roofing* Court explained that "[t]he *Regal Kitchens* Court found that the mandatory language 'shall' only applied to the choice of Florida law rather than to the venue selection, <u>which is set off by a comma and cannot be modified grammatically by the language 'shall be governed by</u>.'" 410 So. 3d at 738 (emphasis added). Thus, the *Global Commercial Roofing* Court concluded that the clause at issue "states without grammatical difficulty that any controversy 'shall be settled . . . with venue in Lee County, FL'" and that "a straightforward reading of the clause here demonstrates that the parties intended to designate Lee County as the exclusive venue for any litigation pertaining to this contract—and that clear intent should be honored." *Id.* at 738.

As the Third District has explained, the importance of the comma in the clause here cannot be understated. *See id.* While the clause here uses the mandatory language of "shall be subject to," "shall" applies only to the choice of Florida law rather than to venue selection. That is because "[n]o intelligent construction of text can ignore its punctuation." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 141 (2012). This is precisely what the Third District recognized in *Global Commercial Roofing*.

Optima makes no meaningful attempt to distinguish *Regal Kitchens* and does not address *Global Commercial Roofing* at all. Additionally, the cases which Optima cites involve "exclusive" language held to be indicative of mandatory forum selection clauses, which are dissimilar to the clause at issue here. *See Milstein*, 412 So. 3d at 806 ("Each party further agrees that any action or proceeding brought against the other, shall be brought only in a court of the State of New York, or to the extent permitted by law, in such federal court." (emphasis omitted)); *R.S.B. Ventures*, 201 So. 3d at 721 ("The venue for the resolution of any disputes concerning this agreement shall be in Miami–Dade County, Florida[.]"); *Remedio*, 877 So.

4

2d at 828 ("The parties hereto consent to Broward County, Florida, as the proper venue for all actions that may be brought pursuant hereto.").

Importantly, Optima does not dispute that, if the forum selection clause is permissive, then venue is appropriate in Martin County, where the causes of action accrued. *See* § 47.011, Fla. Stat. (2024) ("Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.").

Thus, based on the clear and unambiguous language of the parties' written agreement, we conclude that the venue provision regarding Collier County was permissive rather than mandatory, and the Academy was allowed to select Martin County to litigate its claims against Optima.

### Conclusion

While we agree with the trial court that the parties' written agreement is clear and unambiguous, we determine the trial court erred in concluding the venue provision mandated that the suit be litigated in Collier County. Based on the language and the punctuation of the parties' written agreement, the venue provision is permissive, not mandatory, and the trial court should not have dismissed the cause based on improper venue. Thus, we reverse and remand for further proceedings.

*Reversed and remanded for further proceedings.*

CIKLIN, J., and BURTON, CHARLES E., Associate Judge, concur.

\*        \*        \*

***Not final until disposition of timely-filed motion for rehearing.***